*319 ON MOTION
DYK, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Roy Evans appeal for lack of jurisdiction. Evans has not responded. The court considers whether the United States Court of Appeals for Veterans Claims’ judgment dismissing Evans’ appeal should be summarily affirmed.
On April 4, 2001, the Board of Veterans’ Appeals (BVA) mailed its decision to Evans in which it determined that no new and material evidence had been presented to reopen certain claims. On June 18, 2001, the United States Court of Appeals for Veterans Claims received a letter from Evans requesting that he be sent a notice of appeal (NOA) form, which was sent to him the following day. On August 30, 2001, the Court of Appeals for Veterans Claims received Evans’ NOA. The Court of Appeals for Veterans Claims dismissed Evans’ appeal as untimely because he had failed to file his NOA within 120 days after the date the BVA final decision was mailed. See 38 U.S.C. § 7266(a)(1). Evans appeals.
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The Court of Appeals for Veterans Claims correctly determined that Evans’ NOA was untimely and, therefore, properly dismissed his appeal. Thus, because no substantial question exists regarding the outcome of Evans’ appeal, the court summarily affirms the judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
(1) The Court of Appeals for Veterans Claims’ judgment is summarily affirmed.
(2) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) moot.
(3) The Secretary’s motion to dismiss is moot.
(4) Each side shall bear its own costs.